UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-60367-CIV-GOLD/SIMONTON

RENE LASSEGUE, on behalf of
himself and all others similarly
situated,

    Plaintiff,

vs.

DALSIMER OF BOCA RATON, INC.,
a Florida corporation,

    Defendant.
_____/



FILED by _____ D.C.

JUN 11 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### ORDER ON PLAINTIFF'S MOTION TO STRIKE

**THIS CAUSE** is before the court upon the plaintiff's motion to strike the defendant's affirmative defenses (DE #7). This case involves the plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., for unpaid overtime. The plaintiff requests that the following affirmative defense be stricken: Defense 3, waiver; Defense 4, unclean hands; and Defense 5, estoppel. The defendant has filed an opposition to the plaintiff's motion.

The plaintiff has filed his motion pursuant to Federal Rule of Civil Procedure 12(f), which states that a "court may order stricken from any pleading any insufficient defense. . . ." Motions to strike are disfavored. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 993 F.2d 1286, 1294 (7th Cir. 1989); *Restorative Prod., Inc. v. D'Mannco, Inc.*, 1996 WL 221790 *1, No. 94-1920 (M.D. Fla. Apr. 29, 1996). Affirmative defenses are stricken only when they are insufficient on the face of the pleadings; that is, when they are insufficient as a matter of law. *See Heller Fin., Inc.*, 993 F.2d at 1294.

The plaintiff correctly argues that affirmative defense 3, waiver, must be stricken because it is legally insufficient. In *Barrantine v. Arkansas-Best Freight Systems*, 101 S. Ct. 1437 (1981),

the Supreme Court recognized the "nonwaivable nature of an individual employee's right to . . . overtime pay under the [FLSA]". *Id.* at 1444-45. It held "that [FLSA] rights cannot be abridged by contract or otherwise waived". *Id.* at 1445. In light of this clear language by the Supreme Court, the defendant's third affirmative defense cannot stand.

The plaintiff's motion fails, however, with regard to affirmative defenses 4 and 5. Although some courts have refused to recognize the defenses of estoppel and unclean hands in FLSA cases, *see Caserta v. Home Line Agency*, 273 F.2d 943 (2d Cir. 1959); *Barillas v. Café Med of Miami, Inc.*, Southern District of Florida, Case No. 00-4663-CIV-KING, DE #18, other decisions have allowed a defendant to assert equitable estoppel in FLSA cases. *See Gaylord v. Miami-Dade County*, 78 F. Supp.2d 1320, 1325 (S.D. Fla. 1999) (citing *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324 (5th Cir. 1972)). No reported decision has discussed the doctrine of unclean hands under the FLSA. It would be premature to strike affirmative defenses 4 and 5 at this time absent a clear indication from controlling authority, such as that which exists for waiver and FLSA cases, that estoppel and unclean hands cannot be raised against FLSA claims. Because defenses 4 and 5 are not insufficient as a matter of law, the court must deny the plaintiff's motion as to these defenses. Accordingly, it is:

**ORDERED AND ADJUDGED THAT:**

1. The plaintiff's motion to strike the defendant's affirmative defenses (DE #7) is GRANTED IN PART and DENIED IN PART.

2. Affirmative defense 3 is stricken. Affirmative defenses 4 and 5 remain.

**DONE AND ORDERED** in Chambers at Miami, Florida, on _1#_ June, 2002

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT COURT JUDGE

cc:
Magistrate Judge Simonton
Donald J. Jaret, Esq.; 4960 SW 72 Ave., Ste. 202; Miami, FL 33155
Kristen L. Sampo, Esq.; 450 E. Las Olas Blvd., Ste. 800; Ft. Lauderdale, FL 33301